**NICHOLAS J. DUBOIS, ESQ.** (#002031992)
PATENT ATTORNEY & COUNSELOR AT LAW
57 Pleasant Valley Drive, Box 1180
McAfee, New Jersey 07428-1180
TEL.: 973-209-2929
PLAINTIFF PRO SE

| | |
|---|---|
| NICHOLAS J. DUBOIS,<br><br>*Plaintiff,*<br><br>*vs.*<br><br>BOROUGH OF MOUNT ARLINGTON;<br>MOUNT ARLINGTON POLICE<br>DEPARTMENT; JOHN/JANE DOES nos. 1-10<br>(names being fictitious); and XYZ CORPORATIONS<br>nos. 1-10 (fictitious);<br><br>*Defendant.* | **SUPERIOR COURT OF NEW JERSEY**,<br>LAW DIVISION – SPECIAL CIVIL PART<br>MORRIS COUNTY<br><br>Docket No.: MRS-DC-_____-21<br><br>CIVIL ACTION<br>(Tort)<br><br>**COMPLAINT** |

THE PLAINTIFF NICHOLAS J. DUBOIS, by way of Complaint against the defendant(s) herein, hereby avers and SAYS:

### NATURE OF ACTION

1.      This is an action sounding in tort, specifically for defamation, defamation *per se*, false light, harassment, and unlawful constraint under color of law within the scope of employment, pursuant to N.J.S.A. § 59:2-2(a); and for civil rights violations under the United States Constitution and 42 U.S.C. §§ 1983, 1988; and New Jersey Constitution, including without limitation First, Fourth and Fourteenth Amendment violation, unlawful stop and threat of arrest for Constitutionally protected activity, and materially false police reporting.

### THE PARTIES AND VENUE

2.      The plaintiff Nicholas J. DuBois (hereinafter, "Plaintiff") is an individual, residing at 57 Pleasant Valley Drive in the Township of Vernon, County of Sussex.

3.      The Defendants Borough of Mount Arlington ("Borough" or "Mt. Arlington"), is a New Jersey municipal entity, having a main office at 419 Howard Boulevard in the Borough of Mount Arlington, County of Morris.

4.      The Defendants Mount Arlington Police Department ("Department" or "MAPD"), is department or as a division, bureau or other agency of the Borough, organized pursuant to N.J.S.A. **§** 40A:14-118, having a main office at 520 Altenbrand Avenue in the Borough of Mount Arlington, County of Morris.  (The Borough and MAPD may hereinafter be referred to collectively as "Defendants".)

5.      Defendants XYZ CORPS. 1–10, are fictitious names for State or municipal departments, corporations, agencies, financiers, or other juridical entities that may or may not be divisions, subsidiaries or otherwise affiliated with other defendants, not currently known, and which may be found to be liable to Plaintiff for having participated in, cooperated with, facilitated and/or contributed to one or more of the Defendants' breaches, tortious or other acts, omissions or violations complained of herein.

6.      JOHN and JANE DOES 1–10 are fictitious names for individuals not currently known, and which may be found to be liable to Plaintiff for having participated in, cooperated with, facilitated and/or contributed to one or more of the defendants' tortious or other acts, omissions or violations complained of herein.

7.      Venue is proper pursuant to R.R. 4:3-2(a)(2) and 6:1-3(a) of the current N.J. Court Rules, 1969, as at least one Defendants is resident in this County, and the cause(s) of action arose herein.

8.      This matter does not affect real property.

<u>FACTS COMMON TO ALL COUNTS</u>
**Defendants' Constraint, Defamation, Harassment of Plaintiff**

9.     Plaintiff's professional and personal responsibilities bring him frequently to Mount Arlington and vicinity.

10.     The afternoon of March 8, 2020, plaintiff was a passenger in his automobile being driven by a longtime friend and client, nonparty Tiffany Chey, on a tour of the homes and churches between the Municipal Beach and Lee's County Park in Mount Arlington Borough en route to inspecting a home for estate purposes.

11.     Driving by what appeared to be an abandoned house at 18 Park Avenue, with blinds shuttered in mid-day of a mild and sunny Sunday, Plaintiff observed a notice posted in a window near the entrance that could not be read from the road.  The notice appeared from the street to be typical of postings placed at foreclosed properties by management vendors.

12.     If coming available, Plaintiff would advise potentially interested acquaintances, clients or relatives.

13.     There was no fence, no "no trespassing" sign at the property, no sign of life, except for a parked car which seemed odd if abandoned unless parked by a neighbor.

14.     Plaintiff asked her to pull the car over for a moment with hazard lights flashing, so Plaintiff could exit to read the sign for any contact information or a name on the doorbell by which the property's availability could later be ascertained.

15.     The entranceway was festooned with tools and heavy equipment impeding access to the doorway, and creating a danger for any visitor, emergency or police personnel who may be called or have business there.

16.     Once near the outer entrance, no name was found on the doorbell.  The notice was not quite legible but appeared to be a construction permit, not a foreclosure or condemnation notice.

17.     Thus, the property was not of interest it first appeared.  Plaintiff promptly returned to the car to leave.

18.     The foregoing is lawful activity under implied license to approach an entryway where no "no trespassing" or similar notices are posted.

19.     As Plaintiff was about to pull away, a very agitated man approached the driver's side, demanding to know why Plaintiff was at his door.  Plaintiff explained and bid him adieu.

20.     He demanded Ms. Chey call the police.  Plaintiff thought the man was in trouble, and asked, "Call the police for what?"

21.     It quickly became obvious the man had been inside, and was irrational, inebriated, or otherwise impaired.  Plaintiff apologized for any misunderstanding, wished him goodbye and drove off.

**Police Misconduct**

22.      A little while later driving at a lawful speed on Howard Boulevard in Mount Arlington, flashing patrol-car lights indicated Ms. Chey should pull over.

23.     Patrol officer Matthew Tumulty approached the passenger side and was presented with the appropriate credentials.

24.     Plaintiff became concerned when Tumulty advised that we had been pulled over pursuant to a county-wide 'BOLO' alert for "suspicious" activity on Park Avenue.  "Does that ring any bells?", he asked.

25.     Plaintiff was not free to leave.

26.     Sergeant Ryan Sherburne then appeared in another patrol car but did not participate.

27.     Patrol officer Gregory Shallop took over, accusing Plaintiff of being a 'Peeping Tom', and of "peeking in somebody's windows".

28.     Shallop is, and all times relevant hereto was, an agent of MAPD and employee of the Borough.

29.     Shallop knew, or reasonably should have known this was preposterous in broad daylight in a building having all windows'' blinds closed, and a posted sign, rendering voyeurism impossible as well as ridiculous.

30.     Shallop refused to listen or record Plaintiff's explanation about the sign that might have indicated foreclosure or a sale.

31.     Shallop continued accusing Plaintiff of peeking in windows, trying to coerce a false confession as Plaintiff continued to refute the man's accusations.

32.     When asked to identify the complainant, Plaintiff was told, "None of your business. How would you like it if someone was peeking in your window?"

33.     Shallop was uninterested in the dangerous condition and threat to public safety posed by the detritus at 18 Park Avenue, especially to emergency personnel if the building was, in fact, occupied.

34.     Shallop accused Plaintiff of "deflecting."

35.     Shallop would not permit Plaintiff to proceed to perform his executor's duties.

36.     Shallop tried to browbeat or intimidate Plaintiff into a false admission.

37.     Plaintiff tried to respond to Shallop's hypotheticals and trick questions appropriately, but fell on deaf ears or was met with more threats.

38.     Shallop became agitated and threatened Plaintiff with arrest as Plaintiff remained seat-belted in his vehicle.

39.     Plaintiff was compelled to let Shallop the last word for the safety of his driver, and to fulfill his duties as an executor.

40.     Shallop's conduct was contrary to proper procedure and training.

41.     Shallop's tortious conduct was within the scope of his employment, thus intentional while falling short of willing misconduct, being a product of Defendants' pervasive policies of hiding their substandard procedures, training, and violations of Constitutional protections.

42.     MAPD Incident Report number 2020-02084 states, regarding the stop, that:

> THE DRIVER, TIFFANY CHEY, AND PASSENGER, [Plaintiff] NICHOLAS J DUBOIS, *ADVISED THAT THEY WERE PEAKING* [sic] *INTO WINDOWS* ON THE PORCH OF THE RESIDENCE AT 18 PARK AVE TO TRY TO FIND OUT WHO LIVES THERE. NICHOLAS J DUBOIS ADVISED THAT HE WAS TRYING TO READ THE NAME AND INFORMATION ON A NOTICE ON THE FRONT DOOR WINDOW. PATROL ADVISED NICHOLAS AND TIFFANY THAT THEY WERE TRESPASSING ON THE PROPERTY[.]

(Emphasis added.)

43.     The report is knowingly and materially false.

44.     Plaintiff repeatedly *denied*, not "advised" that he was doing no such thing, and that Ms. Chey never left the vehicle to have "peeked" into anything.  Even the irrational complainant does not appear to have suggested she did.

45.     The accusation that Plaintiff admitted to being a 'peeping Tom' is tortious as well as deeply offensive to a person of ordinary sensibilities.

46.     Plaintiff is an officer of the court, so subject to opprobrium in addition to potential licensure and pecuniary damage from such accusations alone.

- 6 -

47.   Plaintiff suffered reputational injury in the form of false light.

48.   Shallop's conduct and writing casts Plaintiff in a false light injuring his standing in the community.

49.   Shallop's conduct offends the Fourth Amendment, as no possible crime could have occurred for there to have been articulable suspicion much less probable cause to suspect Plaintiff was engaged in criminal activity.

50.   An investigative stop occurs when a reasonable person would have believed that he was not free to leave and constitutes a seizure under the Fourth Amendment.

51.   Even MAPD's own Investigative Report 2020-02083 states that the complainant reported: "THE MALE [Plaintiff] STATED THAT THEY WERE LOOKING FOR A FRIEND IN THE AREA."

52.   Going to someone's front door is not a trespass.

53.   Signs are posted in street-facing windows to be read.

54.   An area within the curtilage of 18 Park Ave. is a welcome to the public, much as a walkway leading to an entrance to a home.   Such are not afforded Fourth Amendment protection because the resident has given implicit consent to visitors to approach the home that way.

55.   All persons, whether law enforcement agents or private citizens, have an implied license to enter property and knock on a homeowner's door, absent clear postings to the contrary. There were no such postings on 18 Park Avenue.

56.   In New Jersey, to be a crime a person must "know[] that he is not licensed or privileged to do so, he peers into a window or other opening of a dwelling or other structure adapted for overnight accommodation <u>for the purpose of invading the privacy of</u>

another person and under circumstances in which a reasonable person in the dwelling or other structure would not expect to be observed." N.J.S.A. § 2C:18-3(c) (emphasis added).

57.     Plaintiff was licensed or privileged to come to read a name on a door and/or sign prominently displayed in a front window with blinds closed behind it.

58.     Closed blinds render it impossible to observe anything through windows blinds.  A reasonable investigation should have concluded at the scene and been dropped.

59.     A county-wide be-on-the-lookout placed Plaintiff and Ms. Chey in unwarranted danger in addition to violating his/their Fourth Amendment rights.

60.     Threats of arrest compounded the Constitutional offense.

61.     If MAPD's agent's accusations were applied, 2020 Census canvassers should have been arrested for essentially the same peaceful conduct, going to residents' doors and looking for the names displayed there, if any, or reading signs suggesting vacancy.

62.     There is no reasonable excuse for the conduct of Defendants' agent(s).

63.     Plaintiff made MAPD aware of this incident by the timely submission of a notice and claim under the N.J. Torts Claims Act.

64.     No corrective action was taken.  Upon information and belief, more was encouraged.

**Two Subsequent Incidents Not Part of Cause(s) of Action**

65.     A month or two later, Shallop appeared at Ms. Chey's door while she was sleeping.  Plaintiff happened to be present, and answered the door.  Shallop demanded Plaintiff awaken her.  Plaintiff explained Ms. Chey is a day-sleeper and prone to migraines if disturbed.

"Tiffany, please," Shallop insisted, ignoring Plaintiff's warning and forcing Plaintiff to awaken her under implied threat of obstruction.

66.     Plaintiff reasonably assumed the matter must therefore be exigent.  Plaintiff awakened Ms. Chey with some difficulty.

67.     Shallop's 'urgent' business was to tell her a registration on her (unused) vehicle had expired.

68.     Shallop ignored Ms. Chey's explanation in Plaintiff's presence that the registration could not be renewed, either online or at an MVC facility because of COVID-19 emergency closures.  She added that the MVC website stated that all expired registrations were administratively suspended through some time in July.

69.     Shallop was unfazed, stating he would only allow Ms. Chey to move the vehicle in or to her private driveway or she would be ticketed and towed.  He claimed he could tow it from her driveway under the Motor Vehicle statute. That statement is false.

70.     She later endured a migraine.

71.     Shallop's confrontation was aimed at Plaintiff, who MAPD was aware used Ms. Chey's vehicles from time to time.

72.     Plaintiff made MAPD aware of this incident.

73.     No corrective action was taken.  Upon information and belief, it was encouraged.

74.     In another incident, about late November 2020, Ms. Chey photographed a neighbor brandishing a long arm near her road, pointed in the direction of the street across from some townhouses, shortly before school buses were to have discharged children.  She reported it to MAPD and provided photographic proof.

75.     Ms. Chey reported having observed other suspicious activity at that neighbor's location.

76.     The weapon turned out to be a longbow.  The perpetrator was identified as an official of the Borough, appointed to one of its Boards.

77.     Around dinnertime of December 6, another Sunday,  Shallop and another officer responded to the Board member/neighbor's residence to confront him with Ms. Chey's photograph.

78.     Shallop accepted the neighbor's explanation of just "aiming", left some literature regarding law and safety, and took no further action regarding the weapon.

79.     The Board member/neighbor complained to Shallop that Plaintiff was trespassing by walking his dog on his property.  He claimed to Shallop he posted no-trespassing signs 'all over the place,' or words to that effect.

80.     In fact, the neighbor had placed a "Private Property" sign on another property, by an easement serving several neighboring dwellings where residents and visitors, including Plaintiff, are welcome.

81.     Trespassing on this Board member's particular lot is virtually impossible, because the exterior walls of his dwelling are effectively coterminous with his property line.  Tax maps disclose the parking area immediately in front of his garage is nothing more than an easement burdening an adjacent property.  There is a municipal easement and driveway serving a water-pumping station, wooded area, and triangular sight easement a few feet away where the public walks, and another easement allowing access to other, neighboring properties.

82.     The neighbor's real concern was not trespassing but, rather, being observed by Plaintiff lawfully walking his dog nearby.

83.     The foregoing was easily and readily discernable by a reasonable and objective investigation.

84.     Instead, Shallop came directly across the street to Ms. Chey's home, where Plaintiff was present for Sunday dinner.  Shallop again threatened Plaintiff with arrest if "you do it again."

85.     Shallop was unable to point out where the alleged "trespass" occurred.

86.     Shallop was unable to point to the boundaries were Plaintiff was allegedly allowed or not allowed to walk.

87.     Shallop expressed no interest in the presence of Borough and public property rights at the easements or municipal water facility.

88.     Shallop cut off Plaintiff stating he was not going to "debate" facts, and repeated his threat of arrest.

89.     Plaintiff made MAPD aware of this incident as well.  Still no corrective action was taken.

90.     The foregoing incidents are not part of the causes of action herein.  They are averred for purposes of characterizing the intent and repetitiveness, that has and is causing Plaintiff anxiety and stress in the quiet enjoyment of simple pleasures such as a Sunday drive or dinner or walk.

## AS FOR A FIRST CAUSE OF ACTION
### Defamation

91.     Plaintiff repeats, realleges and reiterates the foregoing paragraphs 1 through 90, inclusive, with the same force and effect as though set forth at length verbatim herein.

92.     Defendants' statements about being a trespasser and/or voyeur are conclusory statements about Plaintiff.

93.     Defendants' statements were not consented to, or the subject of any privilege.

94.     Defendants communicated the foregoing falsehoods to third parties.

95.     Defendants knew the statements were false, probably false, or negligently made disregard of the truth.

96.     Defendants' statements make explicit reference to Plaintiff, providing names and sometimes identifying Plaintiff.

97.     The conduct of the Defendants, as described above, constitutes defamation.

98.     As a result of the Defendants' actions and conduct, Plaintiff suffers physical and mental distress.

99.     Plaintiff has been damaged by such statements, including without limitation causing him to suffer the opprobrium of others, and dismissive disregard by the police and judiciary with regard to Plaintiff's serious security concerns and reports, to Plaintiff's severe detriment.

100.    Defendant Borough and Defendant MAPD are liable to Plaintiff for said damages in an amount to be adjudicated at a trial in this action, as well as exemplary damages, and reasonable attorney fees and costs of suit.

## AS FOR A SECOND CAUSE OF ACTION
### Defamation *per se*

101.    Plaintiff repeats, realleges and reiterates the foregoing paragraphs 1 through 100, inclusive, with the same force and effect as though set forth at length verbatim herein.

102.    Defendants' oral and written statements are conclusory statements about Plaintiff.

103.    Defendants communicated orally to third parties these falsehoods.

104.    Defendants knew the statements were false, probably false, or negligently made disregard of the truth.

105.    Defendants' statements make explicit reference to Plaintiff, providing names and sometimes identifying Plaintiff.

106.    Defendants' statements impute criminality to Plaintiff.

107.    Defendants' statements impute character and conduct incompatible with Plaintiff's profession as an attorney and officer of the court.

108.    The conduct of the Defendants, as described above, constitutes defamation. Specifically, the Defendants' defamatory statements comprise defamation *per se*.

109.    Plaintiff is thus entitled to presumed damages.

110.    Defendant Borough and Defendant MAPD are liable to Plaintiff for said damages in an amount to be adjudicated at a trial in this action, as well as exemplary damages, and reasonable attorney fees and costs of suit.

## AS FOR A THIRD CAUSE OF ACTION
### Harassment

111.    Plaintiff repeats, realleges and reiterates the foregoing paragraphs 1 through 110, inclusive, with the same force and effect as though set forth at length verbatim herein.

112.    Defendant, with purpose to harass Plaintiff, caused to be made communications in offensively coarse language, in the hearing of children, friends, and neighbors, in a manner likely to cause alarm and annoyance.

113.    Defendants intentionally created exposure to Plaintiff's property, including without limitation knowingly obstructing security feeds proximal to Plaintiff's sleeping chamber.

114.    Defendants directed conduct, interfered with reasonable privacy, and otherwise acted in a manner calculated to make Plaintiff feel exposed and insecure, with purpose to harass Plaintiff.

115.    Defendant Borough and Defendant MAPD are liable to Plaintiff for said damages in an amount to be adjudicated at a trial in this action, as well as exemplary damages, and reasonable attorney fees and costs of suit.

## AS FOR A FOURTH CAUSE OF ACTION
### False Light

116.    Plaintiff repeats, realleges and reiterates the foregoing paragraphs 1 through 115, inclusive, with the same force and effect as though set forth at length verbatim herein.

117.    Defendants' offensively coarse statements were broadcast loudly to Plaintiff's family, guest(s), neighbors, other Borough agents, employees and officials, as well as passersby.

118.    Such conduct gave publicity to matters concerning Plaintiff that placed Plaintiff before the public in a false light.

119.    The false light into which said Defendants placed Plaintiff would be highly offensive to a reasonable person.

120.    Defendants had knowledge of, or acted in reckless disregard as to, the falsity of the matters he publicized, and the false light into which Plaintiff would be placed by his false and pejorative statements.

121.    Defendant Borough and Defendant MAPD are liable to Plaintiff for said damages in an amount to be adjudicated at a trial in this action, as well as exemplary damages, and reasonable attorney fees and costs of suit.

## AS FOR A FIFTH CAUSE OF ACTION
### Intentional Infliction

122.    Plaintiff repeats, realleges and reiterates the foregoing paragraphs 1 through 121, inclusive, with the same force and effect as though set forth at length verbatim herein.

123.    The afore described conduct of Defendants was intentional, directed at Plaintiff in order to cause Plaintiff grave distress.  Defendants' conduct did, in fact, cause great distress to Plaintiff.

124.    Defendants' conduct was extreme and outrageous.

125.    Defendants' conduct, together with placing Plaintiff's liberty, security, and reputation in jeopardy proximately caused Plaintiff severe emotional distress.

126.    Defendant Borough and Defendant MAPD are liable to Plaintiff for said damages in an amount to be adjudicated at a trial in this action, as well as exemplary damages, and reasonable attorney fees and costs of suit.

### AS FOR A SIXTH CAUSE OF ACTION
**Violations of 42 U.S.C. §§ 1983 et seq., Due Process and Equal Protection**

127.    Plaintiff repeats, realleges and reavers the foregoing paragraphs 1 through 126 as though fully set forth herein verbatim.

128.    Defendants are "persons" within the definition of the Federal Civil Rights Act, 42 U.S.C. § 1983, and required to act pursuant to the requirements expressed therein.

129.    Defendants, at all relevant times, included a New Jersey State municipality and its employees and agents. Defendants were, at all relevant times, acting under color of law.

130.    Defendants implemented an unconstitutional policy and custom to violate Plaintiff's civil liberties, deprive him of his rights under false pretenses, disregard offenses to his person and reputation, intimidate him in his role of counsel, excuse likely perpetrators, and favor insiders of the Borough of Mount Arlington.

131.    The foregoing enumeration is by way of illustration, not limitation.

132.     Such policy was established by the municipality and/or officials appointed by the municipality and delegated with express authority to make, adopt and enforce policies, rules, orders and regulations.

133.     Application of this policy to Plaintiff has had the effect of violating his Equal Protection and Due Process rights, his Fourth Amendment privacy interests, Fourteenth Amendment rights, as well as due process and equal protection, and thus violated 42 U.S.C. §§ 1983, 1988, and the constitution and clearly established law of the State of New Jersey.

134.     Defendants failed to assert any plausible consider any explanation regarding their conduct or basis for defaming Plaintiff's character or mental fitness.

135.     Defendants injured Plaintiff to cover up their own actions and omissions complained of hereinabove.

136.     By and through their course of conduct as alleged herein, Defendants deprived Plaintiff of his rights, privileges or immunities secured by the United States Constitution, without due process of law, and equal protection under the law.

137.     By further refusing or neglecting to prevent such deprivations and denials to Plaintiff, Defendants thereby deprived Plaintiff of his rights, privileges and immunities as guaranteed by the Fourth and Fourteenth Amendments to the Constitution of the United States.

138.     The aforesaid unlawful acts of Defendants were done in ignorant and callous disregard of Plaintiff's rights.

139.     As a direct and proximate result of the Defendants' violations of Plaintiff's constitutional rights, he has suffered severe and substantial damages. These damages include, without limitation, litigation expenses including attorney fees, loss of reputation, humiliation,

embarrassment, inconvenience, mental and emotional anguish and distress and other compensatory damages in an amount to be determined by a jury and the Court.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff NICHOLAS J. DuBOIS respectfully prays for a judgment to be entered against Defendants BOROUGH OF MOUNT ARLINGTON and MOUNT ARLINGTON POLICE DEPARTMENT, jointly and severally with any fictitiously named entities identified and substituted, as follows:

A.  for defamation per se in an amount to be determined at a trial on the Complaint;

B.  for defamation damages in an amount to be determined at trial;

C.  for false light in an amount to be determined at trial;

D.  for harassment in an amount to be determined at trial;

E.  for intentional infliction of emotional distress in an amount to be determined at trial;

F.  against all Defendants for Constitutional, civil rights, due process, and equal protection violations in an amount to be determined at trial;

G.  for sanctions sufficient to deter future misconduct;

H.  for compensatory damages for humiliation, mental anguish, stress, pain and suffering;

I.  for punitive damages;

J.  for Plaintiff's reasonable attorneys' fees and costs of suit; and

K.  for such other, further, and different relief as this Court may deem equitable, just, and proper under the circumstances of this cause.

## DESIGNATION OF TRIAL COUNSEL PURSUANT TO RULES 4:5-1(c) & 4:25-4
### [applicable by R. 6:3-1]

Nicholas J. DuBois is hereby designated as trial counsel on the Complaint.

Dated: Vernon, New Jersey
      March 8, 2021                      /s *Nicholas J. DuBois*
                                         NICHOLAS J. DUBOIS

## CERTIFICATION PURSUANT TO RULE 4:5-1(b)(2)
### [applicable by R. 6:3-1]

I hereby certify that (1) the within matter in controversy is not the subject of any other action pending in any other court or arbitration; (2) no other action or arbitration proceeding is contemplated, and (3) no other necessary party to be joined in the subject litigation is presently known.

/s *Nicholas J. DuBois*

Dated: March 8, 2021                            NICHOLAS J. DUBOIS



| | |
|---|---|
| Court's Address and Phone Number:<br>MORRIS Special Civil Part<br>WASHINGTON AND COURT STREETS,<br>P.O. BOX 910<br>MORRISTOWN, NJ 07963-0910<br><br>862-397-5700 ext.75365 | **Superior Court of New Jersey**<br>**Law Division, Special Civil Part**<br><br>**MORRIS** County<br>Docket No: **MRS-DC-001142-21**<br>**Civil Action**<br>**TORT-OTHER** |

## YOU ARE BEING SUED!

| **Person or Business Suing You (*Plaintiff*)** | **Person or Business Being Sued (*Defendant*)** |
|---|---|
| NICHOLAS J DuBOIS<br>See Page 3 for additional Plaintiff list | Borough of Mount Arlington<br>See Page 3 for additional Defendant list |
| **Plaintiff's Attorney Information**<br>NICHOLAS JOHN DU BOIS<br>NICHOLAS J. DUBOIS, PATENT ATTORNEY<br>57 PLEASANT VALLEY DR<br>VERNON, NJ 07462-3430<br>973-209-2929 | **The Person or Business Suing You Claims You Owe the Following:** |

| | |
|---|---|
| Demand Amount | $11400.00 |
| Filing Fee | $80.00 |
| Service Fee | $14.00 |
| Attorney's Fees | $3600.00 |
| **TOTAL** | **$15094.00** |

### FOR JUDICIARY USE ONLY

In the attached complaint, the person or business suing you briefly tells the court his or her version of the facts of the case and how much money he or she claims you owe. **If you do not answer the complaint, you may lose the case automatically and the court may give the plaintiff what the plaintiff is asking for, plus interest and court costs. You have 35 days from the date of service to file your answer or a signed agreement.** If a judgment is entered against you, a Special Civil Part Officer may seize your money, wages or personal property to pay all or part of the judgment. The judgment is valid for 20 years.

**IF YOU DISAGREE WITH THE PLAINTIFF'S CLAIMS, A WRITTEN ANSWER OR SIGNED AGREEMENT MUST BE RECEIVED BY THE COURT ABOVE, ON OR BEFORE 04/19/2021, OR THE COURT MAY RULE AGAINST YOU. IF YOU DISAGREE WITH THE PLAINTIFF, YOU MUST DO ONE OR BOTH OF THE FOLLOWING:**

1.  ***Answer the complaint***. An answer form that will explain how to respond to the complaint is available at any of the New Jersey Special Civil Part Offices or on the Judiciary's Internet site njcourts.gov under the section for Forms. If you decide to file an answer to the complaint made against you:
    - Fill out the Answer form AND pay the applicable filing fee by check or money order payable to: ***Treasurer, State of New Jersey***. Include **MRS-DC-001142-21** (your Docket Number) on the check.
    - Mail or hand deliver the completed Answer form and the check or money order to the court's address listed above.
    - Hand deliver or send by regular mail a copy of the completed Answer form to the plaintiff's attorney. If the plaintiff does not have an attorney, send your completed answer form to the plaintiff by regular and certified mail. This MUST be done at the same time you file your Answer with the court on or before **04/19/2021**.

2.  ***Resolve the dispute.*** Contact the plaintiff's attorney, or contact the plaintiff if the plaintiff does not have an attorney, to resolve this dispute. The plaintiff may agree to accept payment arrangements. If you reach an agreement, mail or hand deliver the **SIGNED** agreement to the court's address listed above on or before **04/19/2021**.

**Please Note - You may wish to get an attorney to represent you.** If you cannot afford to pay for an attorney, free legal advice may be available by contacting Legal Services at 973-285-6911. If you can afford to pay an attorney but do not know one, you may call the Lawyer Referral Services of your local County Bar Association at 973-267-5882. Notify the court now if you need an interpreter or an accommodation for a disability for any future court appearance.

**/s/ Michelle M. Smith**

Clerk of the Superior Court



| Dirección y teléfono del tribunal<br>Parte Civil Especial de MORRIS<br>WASHINGTON AND COURT STREETS,<br>P.O. BOX 910<br>MORRISTOWN, NJ 07963-0910<br>862-397-5700 ext.75365 | **El Tribunal Superior de Nueva Jersey**<br>**División de Derecho, Parte Civil Especial**<br><br>Condado de **MORRIS**<br>Número del expediente **MRS-DC-001142-21**<br>**Demanda de Acción Civil**<br>NOTIFICACIÓN DE DEMANDA<br>**TORT-OTHER** |
|---|---|

## ¡LE ESTÁN DEMANDANDO!

| **Persona o entidad comercial que le está demandando** *(el demandante)*<br>NICHOLAS J DuBOIS<br><br>See Page 3 for additional Plaintiff list<br>**Información sobre el abogado del demandante**<br>NICHOLAS JOHN DU BOIS<br>NICHOLAS J. DUBOIS, PATENT ATTORNEY<br>57 PLEASANT VALLEY DR<br>VERNON, NJ 07462-3430<br>973-209-2929 | **Persona o comercial ser demandada** *(el demandado)*<br>Borough of Mount Arlington<br><br>See Page 3 for additional Defendant list |
|---|---|

| **La persona o comercial que le está demandando afirma que usted le debe lo siguiente:** | |
|---|---|
| Cantidad a la vista | $11400.00 |
| Tasa judicial | $80.00 |
| Cargo del emplazamiento | $14.00 |
| Honorarios del abogado | $3600.00 |
| **TOTAL** | **$15094.00** |

### PARA USO EXCLUSIVO DEL PODER JUDICIAL

En la demanda adjunta la persona o entidad comercial que le está demandando le informa brevemente al juez su versión de los hechos de la causa y la suma de dinero que afirma que usted le debe. **Si usted no responde a la demanda puede perder la causa automáticamente y el juez puede dar al demandante lo que está pidiendo más intereses y los costos legales. Usted tiene 35 días a partir de la fecha del emplazamiento para presentar su respuesta o un acuerdo firmado.** Si se dicta un fallo en su contra, un Oficial de la Parte Civil Especial puede embargar su dinero, sueldo o sus bienes muebles (personales) para pagar todo el fallo o una parte del mismo. El fallo es válido por 20 años.

**SI USTED NO ESTÁ DE ACUERDO CON LAS ALEGACIONES DEL DEMANDANTE, EL TRIBUNAL TIENE QUE RECIBIR UNA RESPUESTA POR ESCRITO O UN ACUERDO FIRMADO PARA EL 04/19/2021 O ANTES DE ESA FECHA, O EL JUEZ PUEDE EMITIR UN FALLO EN SU CONTRA. SI USTED <u>NO ESTÁ DE ACUERDO</u> CON EL DEMANDANTE, DEBE HACER <u>UNA</u> DE LAS SIGUIENTES COSAS <u>O LAS DOS</u>:**

1. *Responder a la demanda*. Un formulario de respuesta que le explicará cómo responder a la demanda está disponible en cualquiera de las Oficinas de la Parte Civil Especial de Nueva Jersey o en el sitio Internet del Poder Judicial njcourts.gov bajo la sección de formularios (Forms). Si usted decide presentar una respuesta a la demanda que se hizo en su contra:
   - Llene el formulario de Respuesta Y pague la tasa judicial de presentación que corresponda mediante un cheque o giro bancario o postal acreditable al: "*Treasurer, State of New Jersey* " (Tesorero del Estado de Nueva Jersey). Incluya **MRS-DC-001142-21** (el número de su expediente) en el cheque.
   - Envíe por correo el formulario de Repuesta llenado y el cheque o giro bancario o postal a la dirección del tribunal que figura más arriba, o entréguelos personalmente en dicha dirección.
   - Entregue personalmente o envíe por correo común una copia del formulario de Repuesta llenado al abogado del demandante. Si el demandante no tiene abogado, envíe su formulario de respuesta llenado al demandante por correo común y por correo certificado. Esto SE TIENE que hacer al mismo tiempo que presente su Respuesta al tribunal a más tardar el <u>04/19/2021.</u>

2. *Resolver la disputa.* Comuníquese con el abogado del demandante, o con el demandante si éste no tiene abogado, para resolver esta disputa. El demandante puede estar de acuerdo con aceptar arreglos de pago. **Si llegara a un acuerdo, envíe por correo o entregar personalmente el acuerdo FIRMADO** a la dirección del tribunal que figura más arriba, o entréguelo personalmente en dicha dirección a más tardar el <u>04/19/2021.</u>

**Nota - Puede que usted quiera conseguir que un abogado para que lo represente.** Si usted no puede pagar a un abogado, podría obtener consejos legales gratuitos si se comunica con Legal Services (Servicios Legales) llamando al 973-285-6911. Si usted puede pagar a un abogado, pero no conoce a ninguno, puede llamar al Lawyer Referral Services (Servicios de Recomendación de Abogados) del Colegio de Abogados (Bar Association) de su condado local al 973-267-5882. Notifique al tribunal ahora si usted necesita un intérprete o un arreglo por una discapacidad para cualquier comparecencia futura en el tribunal.

**/s/ Michelle M. Smith**

Subsecretario(a) del Tribunal Superior



| Court's Address and Phone Number:<br>MORRIS Special Civil Part<br>WASHINGTON AND COURT STREETS,<br>P.O. BOX 910<br>MORRISTOWN, NJ 07963-0910<br><br>862-397-5700 ext.75365 | **Superior Court of New Jersey**<br>**Law Division, Special Civil Part**<br><br>**MORRIS** County<br>Docket No: **MRS-DC-001142-21**<br><br>**Civil Action**<br><br>**SUMMONS**<br><br>**TORT-OTHER** |
|---|---|
| **Additional Plaintiffs/demandantes adicionales** | **Additional Defendants/demandados adicionales**<br>Mount Arlington Police Dept.<br>John/Jane Does nos. 1-10<br>XYZ Corporations nos. 1-10 |